IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINE CONSTRUCTION BENEFIT FUND,
A HEALTH AND WELFARE FUND,

    Plaintiff,

VS.

ALLIED ELECTRICAL CONTRACTORS,
INC., A Tennessee Corporation,

    Defendant.

Case No.  07C 0950
Judge Pallmeyer
Mag. Judge Ashman

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

    COMES NOW the Defendant, Allied Electrical Contractors, Inc. ("Allied") by and through counsel, with Defendant's Statement of Undisputed Facts in support of its Motion for Summary Partial Judgment.

1. Plaintiff, THE LINE CONSTRUCTION BENEFIT FUND, A HEALTH AND WELFARE FUND ("LINECO"), is a multiemployer welfare fund administered in accordance with the provisions of Section 302(c)(5) of the LMRA and ERISA.  (See Tab A[1], Pl.'s Complaint ¶ 3.)

2. Defendant Allied Electrical Contractors  ("Allied") is in the electrical contracting business.  Its president is Michael Eskridge.  (Tab B, Eskridge Dep. at 6.)

3. Allied has been a member of the National Electrical Contractors Association ("NECA") since about November 2002.  (Tab B, Eskridge Dep. at 10-11; Tab

---

[1] Defendant has filed its exhibits as attachments to this Statement of Undisputed Material Facts.

Chicago:355639.1

C, Pl.'s Answers to Def.'s First Set of Interrogatories, Answer No. 3; Tab D, National Electrical Contractors Association Application for Membership signed August 28, 2002, provided by Plaintiff pursuant to the provisions of Federal Rules of Civil Procedure Rule 26(A)(1).)).

4. On December 7, 2006, Allied signed a Letter of Assent to be bound by the terms of a collective bargaining agreement ("CBA") between NECA and IBEW/Local 474. (Tab E, Exhibit 1 to Eskridge Dep.)

5. The CBA provides in Paragraph 1 that, "It shall apply to all firms who sign a Letter of Assent to be bound by the terms of this Agreement." (See Tab F, Outside Construction Agreement Electrical between Southeastern Line Constructors Chapter, NECA at Memphis Local Union 474 IBEW, covering period December 1, 2005, through November 30, 2006, provided by Plaintiff pursuant to the provisions of Federal Rules of Civil Procedure Rule 26(A)(1).)

6. Section 6.02 on Page 22 of said Outside Agreement requires the Employer to pay into LINECO the sum of $4.75 per hour for each hour worked for the Employer by all employees covered by the Agreement. See id at 22.

7. Allied had not executed a Letter of Assent to be bound by the CBA or a benefit plan agreement prior to December 7, 2006. (Tab B, Eskridge Dep. at 13; Tab E, Ex. 1 to Eskridge Dep.; Def.'s Answer ¶ 2; Tab C, Pl.'s Answers to Def.'s First Set of Interrogatories, Answer No. 3.).

8. Allied was not allowed to participate in negotiations with Local 474 regarding the terms of the CBA until a Letter of Assent had been executed. (Tab B, Eskridge Dep. at 15-16, 18-19.)

9. President of Allied, Michael Eskridge, attended a negotiation session, but was informed that he was not eligible to participate because he had failed to execute a Letter of Assent. See id.

10. The National Electrical Contractors Association Application for Membership signed August 28, 2002, mentions neither a CBA nor a benefit plan. (Tab D, National Electrical Contractors Association Application for Membership signed August 28, 2002, provided by Plaintiff pursuant to the provisions of Federal Rules of Civil Procedure Rule 26(A)(1).)

11. The National Electrical Contractors Association Application for Membership does not on its face state that the employer agrees to be bound by the terms of a CBA or to be bound by the terms of a benefit plan agreement. See id.

12. The letter which accompanied the Defendant's Application for Membership in the National Electrical Contractors Association clearly stated that it is a goal of the Defendant in joining NECA to be involved in the negotiating committee. (Tab G, Letter accompanying Defendant's Application for Membership in National Electrical Contractors Association signed August 28, 2002, provided by Plaintiff pursuant to the provisions of Federal Rules of Civil Procedure Rule 26(A)(1).)

Respectfully submitted,

s/ Craig R. Thorstenson
Attorney for the Defendant
Craig R. Thorstenson
IL ARDC#: 6198153

And

s/James L. Holt, Jr.
Attorney for the Defendant
James L. Holt, Jr.
Admitted *pro hac vice*

- 4 -

Craig R. Thorstenson
FORD & HARRISON LLP
55 East Monroe Street – Suite 2900
Chicago, Illinois 60603
(312) 332-0777 (ph)
(312) 332-6130 (fax)

James L. Holt, Jr.
JACKSON, SHIELDS, YEISER, HOLT & SPEAKMAN
262 German Oak Drive
Cordova, Tennessee 38018
(901) 754-8001

April 30, 2008

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, certifies that the foregoing Defendant's Statement of Undisputed Facts in Support of Defendant's Motion for Partial Summary Judgment was filed electronically with the Northern District of Illinois on April 30, 2008, and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

  Service of this Defendant's Statement of Undisputed Facts in Support of Defendant's Motion for Partial Summary Judgment was accomplished electronically through the ECF System on the following ECF registered filing users:

      Robert B. Greenberg (rbg@ulaw.com)

      By: <u>s/ Craig R. Thorstenson</u>
         Attorney for the Defendant
         Craig R. Thorstenson
         IL ARDC#: 6198153

Craig R. Thorstenson
FORD & HARRISON LLP
55 East Monroe Street – Suite 2900
Chicago, Illinois 60603
(312) 332-0777 (ph)
(312) 332-6130 (fax)

James L. Holt, Jr.
JACKSON, SHIELDS, YEISER, HOLT & SPEAKMAN
262 German Oak Drive
Cordova, Tennessee 38018
(901) 754-8001

Chicago:355639.1